1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10    LARELL LEE HARTTLET,

11                              Petitioner,

12          v.

13    RON HAYNES,

14                              Respondent.

CASE NO. 3:19-CV-5780-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: April 10, 2020

15          The District Court has referred this action to United States Magistrate Judge David W.

16   Christel. Petitioner Larell Lee Harttlet, who is proceeding *pro se* and *in forma pauperis*, filed his

17   federal habeas Petition, pursuant to 28 U.S.C. § 2254, seeking relief from a state court judgment

18   and sentence. Dkt. 5. The Court concludes the Petition is time-barred and recommends the

19   Petition be dismissed with prejudice and a certificate of appealability be denied.

20   **I.    Background**

21          In the Petition, Petitioner states he pled guilty to one count of robbery in the first degree.

22   Dkt. 5; *see* Dkt. 9-1, pp. 24-38. On March 12, 2010, he was sentenced to 102 months

23   confinement plus a 60-month firearm enhancement for a total confinement term of 162 months.

24

Dkt. 9-1, pp. 24-38.[1] Petitioner did not challenge his conviction or sentence on direct appeal. *See* Dkt. 8.

On March 19, 2018, Petitioner filed a motion to correct his judgment and sentence. Dkt. 9-1, pp. 121-58. The Pierce County Superior Court ("trial court") transferred to the motion to the Washington State Court of Appeals ("state court of appeals") as a personal restraint petition ("PRP"). *Id*. at pp. 159-60. The state court of appeals remanded Petitioner's judgment and sentence for correction, but not for resentencing. *Id*. at pp. 254-56. Petitioner sought discretionary review from the Washington State Supreme Court ("state supreme court"). *Id*. at pp. 261-72. The state supreme court denied review. *Id*. at pp. 274-76. Petitioner filed a motion to modify the commissioner's ruling, which the state supreme court denied on June 5, 2019. *Id*. at pp. 278-85, 287. The state court of appeals issued the certificate of finality on June 19, 2019. *Id*. at p. 289.

On November 8, 2018, while Petitioner's PRP was pending on appeal, the trial court entered a stipulated motion and order correcting Petitioner's judgment and sentence to reflect the correct criminal history. Dkt. 9-1, pp. 258-59. On December 4, 2018, Petitioner appealed the entry of the corrected judgment and sentence. *Id*. at pp. 294-302. His notice of appeal was transferred to the state court of appeals and re-designated as a notice for discretionary review. *Id*. at pp. 304, 306-10. On May 28, 2019, the state court of appeals denied review. *Id*. at pp. 354-57. The trial court entered a second motion and order correcting Petitioner's judgment and sentence due to a scrivener's error on July 22, 2019. *Id*. at pp. 291-92; *see* Dkt. 8.

---

[1] On March 12, 2010, Petitioner also pled guilty to assault in the first degree and unlawful possession of a firearm. Dkt. 9-1, pp. 2-19. Petitioner was sentenced to 180 months of total confinement for these two convictions. *Id*. at p. 6. Petitioner does not challenge this judgment and sentence. *See* Dkt. 5, p. 1. Therefore, the Court will only reference the records pertaining to this judgment and sentence as necessary to decide this case.

On August 23, 2019, Petitioner filed the Petition. Dkt. 1, 5. On October 10, 2019, Respondent filed an Answer and Memorandum of Authorities, wherein he asserts, in part, the Petition was filed after the limitations period expired. Dkt. 8. Respondent maintains the Petition is therefore time-barred and should be dismissed with prejudice. *Id.* Petitioner did not file a response to the Answer. On November 12, 2019, the Court directed Respondent to file a supplemental answer and allowed Petitioner to file a response to the supplemental answer. Dkt. 10. Respondent filed the Supplemental Answer on December 13, 2019. Dkt. 11. Petitioner did not file a response to the Supplemental Answer.

## II.     Discussion

### A.   *Statute of Limitations*

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." If during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544 U.S. 480, 410 (2005).

If a petitioner fails to petition the state's highest court for review, the conviction becomes final when the time for seeking such review elapses. *See Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001). In Washington, a notice of appeal must be filed within thirty days after the entry of the decision of the trial court. Wash. RAP 5.2(a). Thus, if a petitioner does not file a notice of appeal, the judgment becomes final at the end of the thirty day period, as it marks the expiration of the time for seeking direct review pursuant to § 2244(d)(1)(A).

Petitioner did not file a direct appeal challenging his judgment and sentence, making his state conviction final on April 12, 2010,[2] the date the time for filing a notice of appeal expired. The AEDPA limitations period began running the next day and expired one year later, on April 13, 2011. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002). Petitioner filed a PRP related to the underlying judgment and sentence on March 19, 2018. As this was after the expiration of the one-year period, the PRP did not toll the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Brown v. Curry*, 451 Fed. App'x. 693 (9th Cir. 2011) (finding the petitioner's state habeas petitions, which were filed after the expiration of the statute of limitations and denied as untimely, did not toll the statute).

Petitioner did not file his Petition until August 23, 2019, which was approximately eight years and four months after the limitations period expired. As Petitioner did not timely file his Petition and his PRP did not toll the limitations period, his Petition is time-barred. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (federal petition is time-barred where state habeas petition is filed after expiration of the statute of limitations).

Petitioner argues his Petition is timely because he was resentenced on November 13, 2018. *See* Dkt. 5. "[T]he judgment from which the AEDPA statute of limitations runs is the one pursuant to which the petitioner is incarcerated." *Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017) (applying the principles of *Magwood v. Patterson*, 561 U.S. 320 (2010) to statute of limitations). A new, intervening judgment starts a "new one-year statute of limitations." *Id*. at 688.

---

[2] The 30-day period expired on Sunday, April 11, 2010, giving Petitioner until Monday, April 12, 2010 to file his notice of direct appeal.

1    As discussed above, after Petitioner filed his PRP on March 19, 2018, the state court of

2    appeals remanded Petitioner's judgment and sentence for correction, but not for resentencing.

3    *See* Dkt. 9-1, pp. 121-60, 254-56. The error in the judgment and sentence involved a

4    misstatement in Petitioner's criminal history. In the sentence and judgment, the criminal history

5    stated Petitioner was sentenced on March 12, 2010 in Pierce County, Washington for the crime

6    of "Robbery 1," which he committed on August 28, 2009. *Id*. at p. 25. The trial court's

7    correction to the sentence and judgment changed "Robbery 1" to first degree assault and second

8    degree unlawful possession of a firearm. As correctly stated in the sentence and judgment,

9    Petitioner was sentenced on March 12, 2010 in Pierce County, Washington for the crimes of first

10    degree assault and second degree unlawful possession of a firearm, which he committed on

11    August 28, 2009. *See id*. at 2-19.[3] The correction of the criminal history did not change

12    Petitioner's offender score and did not prejudice Petitioner; therefore, the case was not remanded

13    for resentencing. *See id*. at pp. 255-56. On November 8, 2018, the trial court entered a stipulated

14    motion and order correcting Petitioner's judgment and sentence to reflect the correct criminal

15    history. *Id*. at 258-59.[4]

16    Here, the trial court did not resentence Petitioner or enter a new judgment. The order

17    correcting Petitioner's judgment and sentence did not alter Petitioner's term of imprisonment,

18    nor did it affect Petitioner's underlying conviction. The correction is more analogous to

19    ministerial changes or a scrivener's error, not a new, intervening judgment. As such, Petitioner's

20    claim that the order correcting his judgment and sentence constituted a new, intervening

21    judgment is unavailing. *See Turner v. Baker*, 912 F.3d 1236, 1239 (9th Cir. 2019) (recognizing

22    _____

23        [3] In contrast, Petitioner pled guilty to first degree robbery on February 8, 2010 for a crime committed on April 8, 2009. *See* Dkt. 9-1, p. 24.

24        [4] On July 22, 2019, the trial court entered a second motion and order correcting Petitioner's judgment and sentence due to a scrivener's error. *Id*. at pp. 291-92; *see* Dkt. 8, p. 4.

that an order correcting a scrivener's error in a judgment has no legal consequences and therefore does not constitute a new judgment, while an order that changes the duration of a prisoner's confinement does constitute a new judgment).

Moreover, the Ninth Circuit has directed reviewing courts to "look to state law to determine what constitutes a new or intervening judgment." *Clayton v. Biter*, 868 F.3d 840, 844 (9th Cir. 2017). The state court made it clear Petitioner's judgment and sentence was being remanded for a correction, not for resentencing. *See e.g.* Dkt. 9-1, pp. 354-57. Thus, the state courts did not construe the order correcting Petitioner's judgment and sentence to be a new or intervening judgment.

The record makes clear that the trial court did not enter a new judgment in November 2018. Therefore, Petitioner's Petition is construed as a challenge to his original 2010 judgment and is untimely. *Compare Gonzalez v. Sherman*, 873 F.3d 763, 772 (9th Cir. 2017) ("Correcting a scrivener's error in the abstract of judgment does not lead to a new judgment because the judgment itself does not change, only the written record that erroneously reflects that judgment.") *with Marquez v. McDaniel*, 729 F. App'x 583, 584 (9th Cir. 2018) (finding a petition timely based on the date of the corrected judgment when the corrected judgment "effected a change in [the petitioner's] sentence"); *see also Colbert v. Haynes*, 2019 WL 1768030, at *3 (W.D. Wash. Mar. 26, 2019) (finding a corrected judgment did not constitute a new or intervening judgment and, thus, the federal petition was successive).

### B. Equitable Tolling

The AEDPA statute of limitations is subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and

1   proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir.

2   2005). Petitioner does not argue he is entitled to equitable tolling and fails to demonstrate any

3   extraordinary circumstance prevented him from filing a timely habeas petition. *See* Dkt. 5.

4   Rather, Petitioner asserts his Petition is timely. *Id*. Therefore, Petitioner fails to show he is

5   entitled to equitable tolling and the Petition is barred by the § 2244 limitations period.

6          C.   *Conclusion*

7          In summation, the Court finds Petitioner's Petition is untimely. The trial court's order

8   correcting Petitioner's judgment and sentence does not constitute a new, intervening judgment

9   which would restart the limitations period. Petitioner has also failed to show he is entitled to

10  equitable tolling. Therefore, the Court finds the Petition is time-barred. As the Petition is time-

11  barred, the Court declines to consider Respondent's remaining arguments. *See* Dkt. 8.

12  **III.   Evidentiary Hearing**

13         The decision to hold an evidentiary hearing is committed to the Court's discretion.

14  *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a

15  hearing could enable an applicant to prove the petition's factual allegations, which, if true, would

16  entitle the applicant to federal habeas relief." *Id*. at 474. In determining whether relief is

17  available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the

18  state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not

19  entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the

20  record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district

21  court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to

22  hold an evidentiary hearing in this case because, as discussed in this Report and

23  Recommendation, the Petition may be resolved on the existing state court record.

24

**IV.    Certificate of Appealability**

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

**V.    Conclusion**

Petitioner's Petition is untimely as it was filed more than one year after the state court judgment became final. There are no extraordinary circumstances in this case requiring the application of equitable tolling principles. Therefore, the Petition is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d) and should be dismissed with prejudice. No evidentiary hearing is required and a certificate of appealability should be denied. The Court, however, recommends *in forma pauperis* continue on appeal.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo

1  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

2  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on April

3  10, 2020, as noted in the caption.

4          Dated this 25th day of March, 2020.

5

6  David W. Christel
   United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24